# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Dennell Malone,                                Civ. No. 19-0282 (SRN/BRT)

          Petitioner,

v.                                **REPORT AND RECOMMENDATION**

Warden FCI Sandstone,

          Respondent.

Dennell Malone, currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. This petition is before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the reasons stated below, the Court lacks jurisdiction over the petition because 28 U.S.C. § 2255 is not an inadequate or ineffective remedy to test the legality of his detention, and Malone has not received prior authorization from the Eighth Circuit to proceed under § 2255. Therefore, this Court recommends that this matter be dismissed without prejudice.

In 1995, Malone was found guilty after a jury trial in this District on nine counts related to drug distribution, conspiracy to commission murder for hire, and possession of a firearm in connection with a crime of violence. *See United States v. Malone*, No. 3:94-CR-0106 (PAM/JGL) (D. Minn.). Malone was originally sentenced to life imprisonment

---

[1] The Rules Governing Section 2254 Cases can be applied even though Malone brought his petition under § 2241. *See* Rule 1(b).

on several of the charges, plus an additional mandatory consecutive term of 60 months' imprisonment on the gun offense, *see* 18 U.S.C. § 924(c)(1)(A)(i), but subsequent amendments to Malone's recommended sentencing range under the United States Sentencing Guidelines have resulted in his sentence being reduced to 352 months' imprisonment, *see* 18 U.S.C. § 3582(c)—60 months on the gun charge, and 292 months (or less) on the other charges, with the gun sentence running consecutive to the others.

Malone has attempted to challenge the validity of his conviction and sentence on several occasions pursuant to 28 U.S.C. § 2255. Those efforts have proved largely unsuccessful. Malone's initial § 2255 motion was granted in part, but his overall sentence remained unchanged following those proceedings, and he failed to file a timely notice of appeal from the order despite having been granted a certificate of appealability. Malone has also requested on several occasions to file second or successive motions under § 2255, including as recently as 2016 with a claim pursuant to the then-recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), but each of these requests for authorization has been denied by the Eighth Circuit.

In this action under § 2241, Malone challenges the validity of his gun conviction pursuant to *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which expanded upon *Johnson*. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence

2

brought in a habeas petition under § 2241 unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959. Thus, it is not enough to show that a motion under § 2255 would now require authorization due to being second or successive. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).

Malone argues that he fits within the narrow aperture of the savings clause because it would be impossible for him to present his *Johnson* and *Dimaya* claim in any other way. Malone has already challenged his convictions and sentence pursuant to § 2255. Any subsequent motion under § 2255 attacking those convictions would therefore be second or successive and require authorization from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h). The authorization requirement, in and of itself, does

not render § 2255 inadequate or ineffective, as Malone recognizes; § 2255 would remain available as a means for relief, albeit with an additional procedural step required before a motion could be brought in the district court. But the court of appeals is permitted only to authorize particular kinds of claims—either claims that are based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1); or claims that are based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2). Other claims, even otherwise meritorious claims, simply cannot be authorized by the court of appeals under § 2255(h) for further consideration by the district court.

The "newly discovered evidence" pathway is irrelevant to this case; Malone does not contend that his claim is predicated upon recent factual discoveries. Malone also argues that he cannot avail himself of the pathway for "new rule[s] of constitutional law, made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2255(h)(2), because his claim is predicated upon a new rule of *statutory* law, not constitutional law. Malone contends that *Johnson* and *Dimaya* rendered § 924(c) invalid as applied to him, but that this new, putatively statutory rule cannot be invoked in a second or successive § 2255 proceeding, as § 2255(h) does not permit authorization of the claim. Thus, Malone continues, § 2255 is inadequate or ineffective for his purposes, and he should be permitted to proceed via habeas corpus. *See* 28 U.S.C. § 2255(e).

Some, though not all, circuits have concluded that habeas corpus relief is appropriate where—as Malone argues is the case here—the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review. *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). But the Court need not determine in this case whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because neither *Johnson* nor *Dimaya* established a rule of *statutory* law. *Dimaya* declared the residual clause of 18 U.S.C. § 16(b) void for vagueness—that is, too arbitrary and indistinct to comport with the constitution's guarantee of due process. *See Dimaya*, 138 S. Ct. 1204, 1212-13. In this respect (and in many others), *Dimaya* closely and expressly tracks the rule established by *Johnson*, which declared the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) invalid and was itself determined to be a new rule of constitutional law, not statutory law, *see Welch v. United States*, 136 S. Ct. 1257 (2016); *Russo v. United States*, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . ."). *Johnson* and *Dimaya* declared not that the relevant statutory provisions had been interpreted incorrectly—e.g., that courts had read into § 924(e) or § 16(b) actions that were not actually prohibited by those statutes—but that the due-process clause prohibited reliance upon the vague residual clauses contained in those

statutes. This is a *constitutional* holding, not a statutory holding. For that reason, countless challenges under *Johnson* have been authorized by courts of appeals pursuant to § 2255(h)(2), and the government has conceded in other litigation that viable claims under *Dimaya* may be authorized under § 2255(h)(2) as well. *See In re Gordon*, No. 18-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), ECF No. 9 (D. Minn. Aug. 3, 2018).

Malone's claim, too, is a constitutional claim. If *Johnson* and *Dimaya* should (as Malone argues) be read as invalidating aspects of § 924(c), it will be because the language of § 924(c) is insufficiently concrete to comport with constitutional due process protections. Because Malone's claim is at bottom a constitutional claim, § 2255(h)(2) permits authorization of that claim, assuming that Malone can also make a "prima facie showing" that he is entitled to relief on the merits of his claim. *See* 28 U.S.C. § 2244(b)(3)(C). Section 2255 is therefore not inadequate or ineffective, and Malone must proceed through that avenue.

Finally, this District is both the court of conviction and the court of incarceration and thus is the correct venue for Malone to proceed via § 2255. Malone's present habeas petition cannot simply be converted into a motion under § 2255, however, because that motion would be second or successive and therefore require authorization by the Eighth Circuit. Malone must request and receive permission from the appellate court before seeking relief here under § 2255. This Court notes that nothing in this Recommendation is intended to preclude Malone from seeking authorization from the Eighth Circuit pursuant to § 2255(h)(2) for his claim.

Because Malone has not adequately justified his invocation of the savings clause, the Court lacks jurisdiction over his habeas petition, which must be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: February 27, 2019            *s/ Becky R. Thorson*
                                    BECKY R. THORSON
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).