# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennell Malone, | Case No. 19-cv-282 (SRN/BRT) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Warden FCI Sandstone, | |
| Respondent. | |

Dennell Malone, Reg. No. 06671-041, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072, pro se.

Ann M. Bildtsen and Ana H. Voss, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objection ("Objection") [Doc. No. 6] of Petitioner Dennell Malone to Magistrate Judge Becky Thorson's Report and Recommendation ("R&R") dated February 27, 2019 [Doc. No. 5] recommending that Malone's Pro Se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [Doc. No. 1] be denied for lack of jurisdiction. For the reasons set forth below, and after a *de novo* review, the Court adopts the R&R, overrules Malone's Objection, and denies Malone's Petition without prejudice.

## I. Background

In 1995, Malone was found guilty after a jury trial in the United States District Court for the District of Minnesota on nine counts of drug distribution, conspiracy to commission murder for hire, and possession of a firearm in connection with a crime of violence. (R&R at 1.) Initially, Malone was sentenced to life imprisonment, with an additional consecutive 60 months sentence of imprisonment for the gun offense. (*Id.* at 1–2.) However, due to certain amendments to the United States Sentencing Guidelines, his sentence was reduced to 352 months. (*Id.* at 2.)

Malone has previously attempted to challenge the validity of his conviction and sentence under 28 U.S.C. § 2255. (*Id.*) Malone's first § 2255 petition was granted in part, but his overall sentence was not reduced as a result. (*Id.*) Malone failed to file a timely notice of appeal of that decision. (*Id.*) Since then, Malone has requested to file second or successive motions under § 2255. (*Id.*) Specifically, in 2016, Malone requested that he be allowed to file a § 2255 motion pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). (*Id.*) However, each of Malone's requests has been reviewed and denied by the Eighth Circuit. (*Id.*)

In a thorough and well-reasoned R&R, Magistrate Judge Thorson recommended that Malone's Petition be dismissed for lack of jurisdiction. (*Id.* at 7.) Malone asserts that he was not served with a copy of the R&R until March 7, 2019. (Obj. at 1.) Thus, on March 18, 2019, Malone filed a timely Objection to Magistrate Judge Thorson's R&R.

## II.    Discussion

### A.    Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B.    Analysis

In his Objection, Malone sets forth two arguments as to why this Court should decline to adopt the R&R. First, Malone contends that because his requests to file a motion under § 2255 were denied by the Eighth Circuit, a § 2255 motion is "inadequate and ineffective in his case." (Obj. at 3.) Second, Malone asserts, in the alternative, that the Court should stay its ruling on this matter until the Supreme Court has decided *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), *cert. granted*, 139 S. Ct. 782 (No. 18-431), as its result may implicate his sentence. (*Id.*)

"[A] collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a

habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citation omitted). If a federal prisoner brings his claim in the court of incarceration under § 2241, the Court cannot entertain the petition unless the prisoner first shows "that § 2255 would be inadequate or ineffective," or that the savings clause applies. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing *Hill*, 349 F.3d at 1091); *see also* 28 U.S.C. § 2255(e). The prisoner has the burden of establishing that a § 2255 would be inadequate or ineffective. *Hill*, 349 F.3d at 1091.

For a prisoner to establish that a § 2255 would be inadequate or ineffective in a particular case, "there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959 (citing *Hill*, 349 F.3d at 1091). Section 2255 will not be viewed as inadequate or ineffective merely because "§ 2255 relief has already been denied." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *see also Abdullah*, 392 F.3d at 959. Moreover, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (citing *Lurie*, 207 F.3d at 1077–78).

Because Malone has already challenged his conviction and sentence under § 2255, any second or successive motion, challenging the same conviction, under § 2255 *requires* authorization from the Eighth Circuit. 28 U.S.C. § 2255(h). Malone has not received permission from the Eighth Circuit to bring his current Petition. (R&R at 6.)

The Eighth Circuit authorizes these motions in two limited circumstances. Any second or successive motion under § 2255 must be based on "newly discovered evidence

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1), or claims that are based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2).

While Malone does not contend that his claim is based on any new factual discovery, Malone's claim, contrary to his contentions, is based on a new rule of constitutional law. Numerous challenges under *United States v. Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), have been authorized under § 2254(h)(2) as constitutional claims. *See, e.g.*, *Greer v. Wilson*, No. 15-CV-3094 (SRN/FLN), 2015 WL 7432336, at *3 (D. Minn. Nov. 23, 2015); *Jackson v. Barnes*, No. 18-CV-1392 (DSD/ECW), 2018 WL 5258800, at *2 (D. Minn. Aug. 3, 2018). Specifically, *Johnson* found the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutionally void for vagueness. *Dimaya* closely followed the logic of *Johnson* and subsequently found the residual clause of 18 U.S.C. § 16(b) invalid on the same constitutional grounds. Therefore, like *Johnson* and *Dimaya*, Malone's argument—that the language of § 924(c) is insufficiently concrete to comport with due process—is also a constitutional claim.

As such, § 2255(h)(2) permits authorization of that claim, assuming that Malone can also make a "prima facie showing" that he is entitled to relief on the merits of his

claim. 28 U.S.C. § 2244(b).[1] Because Malone may bring a claim if he receives

authorization from the Eighth Circuit, § 2255 is not inadequate or ineffective, and

Malone must receive authorization from the Eighth Circuit to proceed.

**III.    Conclusion**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Petitioner Malone's Objection [Doc. No. 6] is **OVERRULED**;

2.  Magistrate Judge Thorson's R&R [Doc. No. 5] is **ADOPTED** in its entirety;

3.  Petitioner Malone's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241
    [Doc. No. 1] is **DENIED**; and

4.  This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 3, 2018                                s/ Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge

---

[1] As this Court is both the court of conviction and the court of incarceration, it is the correct venue for Malone to proceed on his claims. *See generally*, *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).